UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

---

| | |
|---|---|
| CHESTER ARMOND | CIVIL ACTION NO. 22-4291 |
| VERSUS | JUDGE DONALD E. WALTER |
| FOREMOST INSURANCE CO. GRAND RAPIDS MICHIGAN | MAGISTRATE JUDGE PEREZ-MONTES |

---

### MEMORANDUM RULING

Before the Court is an unopposed motion for summary judgment filed by Defendant Foremost Insurance Company Grand Rapids Michigan ("Foremost"). See Record Document 33. For the reasons stated below, Foremost's motion for summary judgment is **GRANTED**.

### BACKGROUND

This case arises from an insurance claim for damages to the plaintiff's property, allegedly caused by Hurricane Laura and Hurricane Delta. See Record Document 1 at 3. Foremost issued policy No. 103-0907811122-20 ("the Policy") to Plaintiff Chester Armond ("Armond") for his residential property located at 301 Grisville Lane, Cottonport, Louisiana, 71327 ("the Property"). See Record Documents 33-2 at 3 and 33-3 at 2. The Policy provides that in the event of a loss or accident, an insured must notify Foremost at once and must promptly send demand, notice, or summons. See Record Documents 33-2 at 28. The Policy further provides that Foremost will make an offer to settle insured losses within thirty days of receipt of acceptable proof of loss. See id. at 29. If an insured has a loss, the Policy also requires that the insured must protect his dwelling, other structures or personal property from any further damage and if he fails to do so, further damage will not be insured by the Policy. See id. at 28-29. Pursuant to the terms of the Policy, failing to cooperate with the terms of the Policy or with Foremost's efforts to investigate the claim

gives Foremost the right to deny coverage. See id. at 29. The Policy also contains a "Legal Action Against Us" provision, which states, "No action may be brought against us unless there has been full compliance with all the terms under Section I of this policy and the action is started within two years after the date of loss." Id. at 7.

Hurricane Laura made landfall on August 27, 2020, and Hurricane Delta made landfall on October 9, 2020. See Record Document 1 at 3. On August 17, 2022, Foremost received a demand for payment for alleged Hurricane Laura damage sustained to the Property from McClenny Moseley & Associates ("MMA").[1] See Record Document 33-3 at 2. The demand for payment was Foremost's first notice of the claimed loss to the Property. See id. MMA attached an estimate from Exact Building Consultants dated August 14, 2022. See Record Document 33-8. The estimate was determined nearly two years after Hurricane Laura, and there was not an inspector's name listed on the estimate. See id. At the time of the inspection, Foremost did not have any knowledge of any alleged damages because no claims had been reported. See Record Document 33-3 at 2.

On August 22, 2022, Foremost received a demand for appraisal from MMA. See Record Document 33-5 at 3. The next day, Foremost notified MMA that the demand for payment was its first notice of the claimed loss to the Property and requested an inspection of the Property. See Record Document 33-6 at 1. Foremost did not receive a response from MMA. See Record Document 33-1 at 4. Two days later, Foremost contacted MMA to explain the appraisal process for the alleged claim. See Record Document 33-7 at 4. Once again, Foremost did not receive a response. Furthermore, Armond never reported a claim for Hurricane Delta. See Record Document 33-3 at 2.

---

[1] The lawsuit was originally filed by attorneys formerly associated with the law firm of McClenny Moseley & Associates, PLLC. See Record Document 1.

On August 25, 2022, Armond filed suit against Foremost alleging: (1) Foremost breached the Policy by failing to perform its obligations under the Policy; (2) Foremost violated Louisiana Revised Statute 22:1973 because it refused to pay Armond after receiving a satisfactory proof of loss; and (3) Foremost violated Louisiana Revised Statute 22:1892 by failing to pay or make a written offer to settle Armond's claim after receiving a satisfactory proof of loss. See Record Document 1. On November 4, 2022, Foremost received service of Armond's lawsuit for alleged damages to the Property from Hurricane Laura and Hurricane Delta. See Record Document 33-3 at 2. Receipt of service of this lawsuit was Foremost's first notice of an alleged Delta loss. See id. Foremost filed this motion for summary judgment, arguing that Armond failed to timely report his claims, did not comply with the Policy, and has no evidence to establish that Foremost is contractually obligated to him for the losses claimed herein nor acted in bad faith. See Record Document 33-1 at 18.

## LAW AND ANALYSIS

**A. Summary Judgment Standard.**

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Quality Infusion Care, Inc. v. Health Care Serv. Corp., 628 F.3d 725, 728 (5th Cir. 2010). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. See id. "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis of its motion, and identifying those portions of 'the pleadings, depositions,

3

answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact by pointing out that the record contains no support for the non-moving party's claim." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (quoting Fed. R. Civ. P. 56(c)).

In deciding unopposed summary judgment motions, the Fifth Circuit has noted that a motion for summary judgment cannot be granted simply because there was no opposition. See Hetzel v. Bethlehem Steel Corp., 50 F.3d 360, 362 n.3 (5th Cir. 1995). The movant has the burden to establish the absence of a genuine issue of material fact and, unless it has done so, the court may not grant the motion, irrespective of whether any response was filed. See Powell v. Delaney, 2001 WL 1910556, at 5-6 (W.D. Tex. June 14, 2001). Nevertheless, if no response to the motion for summary judgment has been filed, the court may find as undisputed the statement of facts in the motion for summary judgment. Id. at 1; see also Thompson v. Eason, 258 F. Supp. 2d 508, 515 (N.D. Tex. 2003) (where no opposition is filed, the nonmovant's unsworn pleadings are not competent summary judgment evidence and movant's evidence may be accepted as undisputed). The court has no obligation to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. Forsyth v. Barr, 19 F.3d 1527, 1533 (5th Cir. 1994). Subject matter jurisdiction in this matter is based on diversity. Thus, Louisiana contract law applies. See Erie R.R. v. Tompkins, 304 U.S. 64, 58 S. Ct. 817 (1938) (holding that a federal court sitting in diversity jurisdiction applies the substantive law of the forum state).

**B. Breach of Contract**

Armond's complaint alleges that Foremost breached the Policy by failing to perform its obligations under the Policy. See Record Document 1 at 5. The complaint contends Foremost failed to pay Armond's claim after receiving proof of damages and notice from Armond regarding

4

the amount of damages. See id. at 4, 6. Foremost argues that Armond did not timely file his proof of loss for the alleged damage from Hurricane Laura. Two years after Hurricane Laura, Foremost received its first notice of the claimed loss to the property. See Record Document 33-3 at 2. Foremost requested an inspection of the Property, and Armond failed to respond. See Record Documents 33-1 at 4 and 33-6 at 1. Additionally, Armond never reported a claim for Hurricane Delta. See Record Document 33-3 at 2. Armond has failed to respond to these assertions and further failed to produce any evidence that contradicts these facts.

The Court finds these facts do not indicate a breach of contract. Armond failed to point to any specific policy provisions that were breached by Foremost for the alleged damage caused by Hurricane Delta. See Sampson v. Allstate Ins. Co., No. 3:23-CV-01436, 2024 WL 1179817, at *4 (W.D. La. Mar. 19, 2024) (granting motion for summary judgment when the plaintiff failed to produce evidence that the insurance company "ever received any proof of loss or notice from [the] [p]laintiff regarding the estimated damages"). As for the alleged damage caused by Hurricane Laura, the Policy provides that in the event of a loss or accident, an insured must notify Foremost at once and must promptly send demand, notice, or summons. See Record Documents 33-2 at 28. Then, Foremost must make an offer to settle insured losses within thirty days of receipt of acceptable proof of loss. See id. at 29. Foremost's first notice of the claimed loss to the Property was roughly seven days before this lawsuit was filed. See Record Document 33-3 at 2. Armond fails to produce any evidence to the contrary. Therefore, there was no breach of contract by Foremost for the alleged damage caused by Hurricane Laura. See Club Delux Apartments, LLC v. Westchester Surplus Lines Ins. Co., No. CV 24-369, 2024 WL 1991496, at *5 (E.D. La. May 6, 2024) (finding no breach of contract when the insurance company's first notice of the alleged claim was only nine days before the filing of the lawsuit).

**C. Louisiana Bad Faith Statutes.**

Louisiana Revised Statute 22:1973 provides that "[a]n insurer … owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both." La. R.S. 22:1973. Relevant here, an insurer may breach this statute by knowingly:

> (5) Failing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause.

La. R.S. 22:1973(B)(5). "To recover statutory penalties, the plaintiff must establish three elements: (i) that the insurer received a satisfactory proof of loss, (ii) that the insurer failed to pay the claim within the applicable statutory period, and (iii) that the insurer's failure to pay was arbitrary and capricious." Grilletta v. Lexington Ins. Co., 558 F.3d 359, 368 (5th Cir. 2009). "[P]roof of loss is the 'point in time when the insurer has adequate knowledge of the loss.'" Guillory v. State Farm Fire & Cas. Co., No. 1:23-CV-00065, 2024 WL 3996073, at *3 (W.D. La. Aug. 29, 2024) (quoting Cotton Bros. Baking Co. v. Indus. Risk Insurers, 941 F.2d 380, 386 (5th Cir. 1991)). The Louisiana Supreme Court has equated the phrase "arbitrary, capricious, and without probable cause" to "vexatious" and determined that an insurer acts in that capacity when "its willful refusal of a claim is not based on a good faith defense." La. Maint. Servs., Inc. v. Certain Underwriters at Lloyd's of London, 616 So. 2d 1250, 1253 (La. 1993). Therefore, "statutory penalties are inappropriate when the insurer has a reasonable basis to defend the claim and acts in good-faith reliance on that defense." Reed v. State Farm Mut. Auto. Ins. Co., 857 So. 2d 1012, 1021 (La. 2003).

Here, Armond alleges that Foremost breached these duties because it refused to pay Armond after receiving a satisfactory proof of loss and that such failure was arbitrary, capricious, or without probable cause. Once again, Armond never filed a claim with Foremost for the alleged

6

damage caused by Hurricane Delta, and Foremost's first notice of the claimed loss caused by Hurricane Laura was roughly seven days before this lawsuit was filed. See Record Document 33-3 at 2.

The Court finds these facts do not indicate a breach of Section 22:1973. See La. R.S. 22:1973. Without evidence of Foremost receiving any proof of loss for the alleged damage caused by Hurricane Delta, there is no evidence of a violation of this statute. See Sampson, 2024 WL 1179817, at *3 (finding that the insurance company could not have knowingly failed to pay the plaintiff's claim after receiving a satisfactory proof of loss where there is no evidence of such proof of loss having even existed). Further, Armond has failed to show that Foremost had any notice of alleged Hurricane Laura damage prior to August 17, 2020, one week before suit was filed. Additionally, Foremost requested an inspection and explained the appraisal process. See Record Documents 33-6 at 1 and 33-7 at 4. Foremost never received a response from Armond nor his counsel. Therefore, there is no genuine dispute as to whether Foremost violated this statute.

Section 22:1892 provides that "insurers shall pay the amount of any claim due any insured within thirty days after receipt of satisfactory proofs of loss from the insured or any party in interest" or "shall make a written offer to settle any property damage claim . . . within thirty days after receipt of satisfactory proofs of loss of that claim." La. R.S. 22:1892. Foremost never received notice of the alleged damage caused by Hurricane Delta prior to the lawsuit, and Foremost's first notice of the claimed loss caused by Hurricane Laura was one week prior to the filing of this lawsuit. See Record Document 33-3 at 2. No genuine dispute exists as to whether Foremost violated this statute, and summary dismissal of these claims are warranted.

7

## **CONCLUSION**

For the foregoing reasons, Foremost's motion for summary judgment (Record Document 33) is **GRANTED**. All of Armond's claims against Foremost are **DISMISSED**.

A judgment consistent with the terms of this Memorandum Ruling shall issue forthwith.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 9th day of December, 2024.

_Donald E Walter_
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE